UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-12273-RGS

ROBERT ALDRICH

v.

CITY OF CAMBRIDGE, et al.

MEMORANDUM AND ORDER ON
DEFENDANT ASSISTANT DISTRICT ATTORNEY
NICOLE ALLAIN'S MOTION TO DISMISS

July 15, 2013

STEARNS, D.J.

Plaintiff Robert Aldrich asserts tort claims and civil rights violations under 42 U.S.C. § 1983, against various state officials for their alleged misconduct in the investigation and prosecution of Aldrich for burglary and other state crimes.[1] Among others, Aldrich names as a defendant Nicole Allain, an Assistant District Attorney (ADA) in Middlesex County, the prosecutor in his case. Aldrich asserts that ADA Allain "engaged in fraud, deceit and misrepresentation" in written pleadings filed with the Massachusetts Superior Court. Am. Compl. ¶¶ 29-30. Allain moves to dismiss the Complaint on grounds of sovereign immunity and absolute immunity.

---

[1] Aldrich states that "defendants are being sued in both their official and their individual capacity." Am. Compl. at 1.

On December 15, 2009, a jury found Aldrich guilty of burglary in violation of Mass. Gen. Laws ch. 265, § 15; two counts of larceny over $250 in violation of Mass. Gen. Laws ch. 266, § 30(1); and an attempt to commit a crime in violation of Mass. Gen. Laws ch. 274, § 6. After an ensuing arraignment as an habitual offender, the jury found Aldrich guilty as such (on Counts I - IV of the indictment). The Superior Court judge sentenced Aldrich as an habitual criminal to a state prison term of twenty years on the burglary count, and two concurrent state prison terms of five years on the two counts of larceny. Aldrich appealed and filed various post-conviction motions. Aldrich claims that, in opposing his motions, ADA Allain failed to bring to the attention of the court the threats made against him by a police officer (Burke) on the day prior to the commencement of his trial. Am. Compl. ¶¶ 17-20. On December 6, 2012, Alrich filed this civil rights § 1983 action in the federal district court.

It is well settled that any suit against the Commonwealth, including one against an assistant district attorney (like Allain) for actions taken in her official capacity is barred by the doctrine of sovereign immunity (unless that immunity has been waived). *See Alden v. Maine*, 526 U.S. 706, 750 (1999) (Congress has no power to abrogate sovereign immunity by subjecting nonconsenting States to private suits for damages in State courts). It is also well established law that prosecutors are absolutely immune from suit for actions taken in their role as advocates for the state or for conduct

"closely associated" with the judicial phase of the criminal process. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009); *Imbler v. Pachtman*, 424 U.S. 409, 427-428, 430-431 (1976). In *Imbler,* plaintiff brought a civil rights § 1983 action alleging that the prosecutor had intentionally permitted a witness to testify falsely in the grand jury, which led to the plaintiff's indictment. *Id.* at 431. The Supreme Court held that actions of a prosecutor in presenting the State's case at a probable cause hearing, a grand jury, or at trial, are entitled to absolute immunity. *Id.; see also Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Burns v. Reed*, 500 U.S. 478, 487-488 (1991).

Aldrich's claims against ADA Allain are based on her alleged omissions in her post-trial court filings with respect to his criminal case. *See* Am. Compl. ¶¶17-19, 24-30. Because Allain's acts go to the heart of the prosecutorial function, they cannot form the basis of a civil rights action for liability, or for that matter, any other type of action state or federal. Absolute immunity is exactly that, and it would make no difference if Allain had acted maliciously or in bad faith. *See Burns*, 500 U.S. at 489-490 (prosecutor entitled to absolute immunity despite allegations of making false or defamatory statements and eliciting false and defamatory testimony from witnesses in a judicial proceeding); *Imbler*, 424 U.S. at 430-431 (prosecutor entitled to absolute immunity for the knowing use of false evidence at trial and for the suppression of exculpatory evidence); *Reid v. State of New Hampshire*, 56 F.3d 332, 336-338 (1st Cir.

1995) (prosecutors entitled to absolute immunity for the knowing suppression and delayed disclosure of exculpatory evidence, and for subsequently misleading the court in order to conceal their conduct).

## ORDER

For these reasons, the claims against ADA Allain as set out in Count VII of the Amended Complaint are <u>DISMISSED</u> with prejudice.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE