UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-12273-RGS

ROBERT ALDRICH

v.

CITY OF CAMBRIDGE, ET AL.

MEMORANDUM AND ORDER ON DEFENDANTS'
MOTION TO DISMISS

October 7, 2013

STEARNS, D.J.

Robert Aldrich, a prisoner at MCI Shirley, brought this *pro se* lawsuit against the City of Cambridge and its executive officers and police commanders,[1] alleging violations of his federal and state constitutional rights.[2] Defendants move to dismiss Aldrich's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the

---

[1] Aldrich asserts claims against: David Maher, Mayor, City of Cambridge; Robert Healy, City Manager, City of Cambridge; Robert Haas, Commissioner, Cambridge Police Department; Christopher Burke, Superintendent, Cambridge Police Department; and Christine Elow, Deputy Superintendent, Cambridge Police Department. Aldrich's claims against Nicole Allain, Assistant District Attorney, Middlesex County District Attorney's Office, were dismissed prior to this motion. *See* Dkt. # 50.

[2] Specifically, Aldrich alleges that he was deprived of his rights under the First, Fifth, Sixth, and Fourteenth Amendments, as well as Article IV of the United States Constitution, and corresponding protections of the Massachusetts Declaration of Rights.

reasons that folllow, the motion to dismiss will be allowed.

## BACKGROUND

The facts underlying Aldrich's claims are laid out in detail in this court's prior opinion ordering him to show cause why his action should not be dismissed. *See Aldrich v. City of Cambridge*, 2012 WL 6622495 (D. Mass. Dec. 18, 2012). Reduced to its essentials, Aldrich's Complaint alleges that Christopher Burke, the Superintendent of the Cambridge Police, sought to pressure him to plead guilty to a pending burglary charge under threat of a recommendation of a twenty-year prison sentence and additional burglary charges if he proceeded to trial. As Aldrich concedes, the purported threat failed in its intended purpose. Aldrich elected to try his case (unsuccessfully) to a jury, although he now claims that Burke's threat caused him to forgo his right to testify in his own defense.

The jury found Aldrich guilty of armed burglary and he was sentenced to the promised twenty years of imprisonment. Following imposition of the sentence, Aldrich moved for a new trial based on Burke's alleged threat. The trial judge denied the motion, finding that the allegations against Burke lacking in credibility. One month later, Aldrich filed a second motion for a new trial supported by a cell phone record purportedly showing a call from Burke's cell phone to Aldrich, together with an affidavit from Aldrich's standby counsel

2

stating that Aldrich had told her of Burke's phone call the day it was received. The trial judge again denied Aldrich's motion, holding that even if a conversation had taken place as alleged, Burke's intimidating conduct had not impacted upon Aldrich's decision not to testify.

Aldrich's claims in this court are framed under the Federal Civil Rights Act, 42 U.S.C. §§ 1983 and 1985, and the Massachusetts Civil Rights Act (MCRA), Mass. Gen. Laws ch. 12 § 11H and §11I.[3] Aldrich alleges that Burke's attempt to influence his right to claim a jury trial violated his rights to, *inter alia*, due process of law, self-representation, fair trial, and untrammeled speech. [4]

STANDARD OF REVIEW

To survive a motion to dismiss, "a complaint must contain sufficient

---

[3] To establish a claim under the Massachusetts Civil Rights Act, a plaintiff must show that a defendant interfered, or attempted to interfere, with his state or federal constitutional rights by means of "threats, intimidation or coercion." Mass. Gen. Laws ch. 12 § 11H.

[4] Aldrich's claims against the City of Cambridge defendants are based on theories of improper supervision and training. To the extent he alleges a distinct claim for a municipal practice of failing to adequately investigate complaints against City of Cambridge police officers, it is not cognizable. *Cf. Maness v. D.L. Runnels*, 2009 WL 1155670, at 4 (E.D. Cal. Apr. 29, 2009) ("To the extent petitioner believes police officers did not adequately investigate [his allegations], petitioner fails to state a claim upon which relief can be granted because he has no constitutional right to a police investigation, adequate or otherwise.").

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Two basic principles guide the court's analysis. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679. A claim is facially plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010).

## DISCUSSION

In this court's December 18, 2012 Order, *see* 28 U.S.C. § 1915A, Aldrich was directed to demonstrate good cause why his claims are not barred by the "Favorable Termination Rule." This judicially-crafted rule is intended to discourage the use of civil tort actions as a back-door means of challenging the validity of a criminal conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486

4

(1994).[5] "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Id.* at 486-487 (footnote omitted).[6] The Rule, however, is self-limiting: it imposes a bar on a § 1983 action only where a prisoner's "success in [the] action would *necessarily* demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis added). If the tort action "even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment . . ., the action should be allowed to proceed."

---

[5] "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam).

[6] The Favorable Termination Rule applies to all of Aldrich's claims. *See Sullivan v. City of Phoenix*, 2012 WL 2299473, at *3 (D. Ariz. May 25, 2012) (noting that the reasoning of *Heck* applies to state tort claims arising from the same alleged misconduct as the federal claims, and stating that the logic of *Heck* applies with equal force to claims against a city for negligent hiring, supervision, and training); *Cohen v. Clemens*, 2009 WL 921156 (10th Cir. 2009) (applying *Heck* to tort claims under the Federal Tort Claims Act); *Nuno v. Cnty. of San Bernadino*, 58 F. Supp.2d 1127, 1130 (C.D. Cal. 1999) (noting that courts have uniformly concluded that *Heck* applies in actions brought pursuant to 42 U.S.C. § 1985).

*Heck*, 512 U.S. at 487 (footnote omitted) (emphasis in original). *See, e.g., Nelson v. Campbell*, 541 U.S. 637, 647 (2004) (prisoner's challenge to the method of his execution did not necessarily imply the invalidity of his death sentence).

On first glance, Aldrich's claim seems to have plausibility: a violation of due process occurs when a government agent intimidates a witness into withholding relevant testimony at trial. *See United States v. Angiulo*, 897 F.2d 1169, 1192 (1st Cir. 1990); *United States v. Combs*, 555 F.3d 60, 64 (1st Cir. 2009). But because success by Aldrich on a § 1983 due process (or Sixth Amendment) claim would necessarily invalidate his state court burglary conviction, the claims are barred by the *Heck* Rule. Moreover, and equally to the point, Aldrich is barred from prosecuting the issue of the impact of Burke's phone call by the doctrine of issue preclusion. This doctrine precludes a party from relitigating a matter previously-adjudicated where there is "an identity of issues, a finding adverse to the party against whom it is being asserted, and a judgment by a court or tribunal of competent jurisdiction." *Kyricopoulos v. Town of Orleans*, 967 F.2d 14, 16 (1st Cir. 1992), quoting *Willhauck v. Halpin*, 953 F.2d 689, 704 (1st Cir. 1991). A federal court has no special competence under the doctrine: federal courts must "give the same preclusive effect to state court judgments – both as to claims and issues previously adjudicated – as

would be given in the state court system in which the federal court sits." *Id.*, citing 28 U.S.C. § 1738. The state court trial judge who considered Aldrich's motions for post-conviction relief unequivocally held "that [Burkes' purported] telephone call did not impact Aldrich's due process rights and his decision to testify." Am. Compl. ¶ 32. Thus, at the end of the day, Aldrich is left with: (1) a final judgment on the merits in the underlying proceeding; (2) that is explicitly premised on a finding that Burke's conduct did not cause Aldrich to forgo testifying; and (3) a fair opportunity and incentive for Aldrich to press the issue on appeal in the state court, an appeal that he has waived, lost, or failed to exhaust.[7] Accordingly, that ends the matter so far as this court is concerned.[8]

Aldrich's effort to salvage the allegations against Burke by reframing them under a First Amendment retaliation theory fails for a simple reason of logic: he is unable to allege any "protected speech" that might plausibly have provided a motive for official retaliation by Burke. *See Gonzalez-Droz v.*

---

[7] The parties have not identified which of the alternatives applies.

[8] Because Aldrich is precluded from relitigating his unsuccessful constitutional claim against Burke, his municipal and supervisory liability claims against the City of Cambridge and its officials also fail. *See Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam) (judgment in favor of defendant officer on plaintiff's excessive force claim precluded liability on the part of his supervisors and municipal employer).

*Gonzalez-Colon*, 660 F.3d 1, 16 (1st Cir. 2011) ("Government actors offend the First Amendment when they retaliate against an individual for constitutionally protected speech. A party seeking to establish a claim of retaliation under the First Amendment must show that the conduct in which he engaged was a 'substantial' or 'motivating factor' in the [retaliatory action]." (citations omitted)). Because Aldrich alleges only an attempt by Burke to interfere with his *future* speech, it follows logically that he has no § 1983 claim for retaliation.[9]

### ORDER

For the foregoing reasons, defendants' motion to dismiss the Amended Complaint is <u>ALLOWED</u>. The Clerk will enter judgment for defendants and close the case.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

---

[9] To the extent that Aldrich's claim might be reconstrued as alleging a chilling of his rights to future speech (that his, his testimony at trial), *see Sheridan v. DeHart*, 2003 WL 22050773, at *4 (D.N.H. Sept. 3, 2003), the claim is precluded by the trial court's finding that no such "chilling" occurred.